# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Lisa M. Goldin and Harold W. Goldin, ) | C/A No. 3:24-cv-03190-MGL |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Lowe's Home Centers, LLC d/b/a Lowe's ) | |
| Home Improvement, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **LOWE'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

### **I. INTRODUCTION**

This case involves a claim against Defendant Lowe's Home Centers, LLC ("Lowe's") for premises liability by a business invitee. Lisa Goldin ("Plaintiff") was crossing from the parking lot to the store entrance when she chose to walk between a row of riding lawn mowers displayed along the outer perimeter of the store, and allegedly tripped over a security cable and fell, resulting in alleged injuries.

According to South Carolina law, because Plaintiff was a business invitee, Lowe's was only required to take reasonable action to protect Plaintiff against foreseeable risks of harm and to keep the premises in a reasonably safe condition. *See Bass v. Gopal, Inc.*, 395 S.C. 129, 716 S.E.2d 910, 913 (2011); *See Garvin v. Bi-Lo, Inc.*, 343 S.C. 625, 541 S.E.2d 831, 832 (2001). Concurrently, one who operates an establishment is not an insurer of their customers' safety. *See Moore v. Levitre*, 294 S.C. 453, 365 S.E.2d 730 (1988). Lowe's had no duty to warn of open and obvious conditions on the property. *Larimore v. Carolina Power & Light*, 340 S.C. 438, 531 S.E.2d 535, 539 (Ct. App. 2000).

61915348 v1

Here, Lowe's did not breach any duty to Plaintiff and is not liable to Plaintiff for the injuries she allegedly sustained when she tripped and fell on the outside perimeter of the store.

## II. SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Although a court must view the evidence in the light most favorable to the nonmoving party, "it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." *Town of Hollywood v. Floyd*, 403 S.C. 466, 744 S.E.2d 161, 166 (2013). Concurrently, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This requires the nonmoving party to put forward evidence that would be admissible at trial. See Fed. R. Civ. P. 56(c).

## III. STATEMENT OF MATERIAL FACTS

The following is a statement of the facts presented in the light most favorable to the Plaintiff:

On April 22, 2022, Plaintiff and her husband went to the Lowe's store #0433 to return a previous purchase. (Compl. ¶ 6; Exhibit 1, Goldin Dep. 8:25–9:2). As they approached the front of the store, Plaintiff walked between two riding lawn mowers that were secured with a yellow cable. (Compl. ¶¶ 6–7; Exhibit 1 at 12:13–22). Plaintiff's foot caught the cable and she tripped and fell with resulting injuries. (Compl. ¶¶ 7–8).

## IV. <u>LEGAL ARGUMENT</u>

**A.        Plaintiff Failed to Observe an Open and Obvious Condition.**

A business need only take reasonable action to protect business invitees on its premises against foreseeable risks of harm. *See Bass*, 716 S.E.2d at 913. A property owner is not an insurer of the safety of its customers. *See Cook v. Food Lion, Inc.*, 328 S.C. 324, 491 S.E.2d 690, 691 (Ct. App. 1997).

Reasonable care does not require precautions, or even warning, against dangers which are known to a visitor or ones that are so obvious to that visitor that they would be expected to discover them. *See Padgett v. Colleton Cnty.*, 383 S.C. 431, 679 S.E.2d 533, 536 (Ct. App. 2009). To impose liability on a property owner for an open and obvious condition would make the property owner an insurer of their business invitees' safety—which is directly contrary to well-established South Carolina law. *See Larimore*, 531 S.E.2d at 539.

As can be seen from the pictures of the scene of the incident produced by the Plaintiff in this case, the bright yellow security cable was an open and obvious condition, and there was nothing hidden about them. (Exhibit 2). As explained by Lowe's in its 30(b)(6) deposition, the riding lawn mowers along the outside of the store front, are displayed close together so that customers will not walk between them. (Exhibit 3, Lowe's 30(b)(6) Dep. 27:6–22 and 45:7–10 ). The mowers are then secured with a bright yellow cable to prevent theft. *Id.* The reason for the bright yellow color is to make it obvious to any customer that is walking in the area. *Id.*

To impose liability on Lowe's for such an open and obvious condition would be directly contrary to South Carolina law. Accordingly, the Court should grant Defendant's motion for summary judgment.

61915348 v1

### B.     Plaintiff's Comparative Negligence was the Cause of Her Injuries

Even, assuming arguendo, that Lowe's use of the bright yellow security cables to prevent theft was a proximate cause of Plaintiff's injuries, Plaintiff's own negligence was more than a fifty percent (50%) cause of her injuries. In South Carolina, a plaintiff may only recover damages if hers own negligence is not greater than the defendant's negligence. *Humphrey v. Day & Zimmerman Int'l, Inc.*, 997 F. Supp. 2d 388, 397 (D.S.C. 2014), *aff'd*, 589 F. App'x 135 (4th Cir. 2015). Typically, comparison of the plaintiff's negligence with that of the defendant is a question of fact for the jury to decide. *See id.* However, if the sole reasonable inference that may be drawn is that Plaintiff's negligence exceeded fifty percent, the court may determine judgment as a matter of law in favor of the defendant(s). *See id.*

The facts of this case clearly show that Plaintiff proceeded in the face of potential risk and is legally responsible for her choice to walk between riding lawn mowers that were positioned in a way to prevent people from walking between them. (Exhibit 1 at 12:13–22). Further, in proceeding between the mowers, Plaintiff should have taken care to observe the open and obvious bright yellow cable. Accordingly, Plaintiff's responsibility and/or liability for her injuries exceeds fifty percent as a matter of law, and Plaintiff's claims should be barred under the doctrine of comparative negligence.

### V.  **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court GRANT its Motion for Summary Judgment as to liability, and dismiss this action against Defendant Lowe's Home Centers, LLC.

[*Signature Page Follows*]

Respectfully submitted,

**BURR & FORMAN LLP**

*s/Andrew G. Melling*
Andrew G. Melling (Fed. ID No. 7882)
PO Box 11390
Columbia, SC 29211
(803) 799-9800
amelling@burr.com

*Attorneys for Defendant Lowe's Home Centers, LLC*

Columbia, South Carolina
August 8, 2025

61915348 v1