# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Lisa M. Goldin and Harold W. Goldin,   )<br>                                         )<br>                        Plaintiffs,      )<br>                                         )<br>vs.                                      )<br>                                         )<br>Lowe's Home Centers, LLC d/b/a Lowe's   )<br>Home Improvement,                        )<br>                                         )<br>                        Defendant.       )<br>_____ ) | CIVIL ACTION NO. 3:24-cv-03190-MGL |

## **DEFENDANT'S MOTION IN LIMINE**

COMES NOW Defendant Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement ("Lowe's"), by and through its undersigned counsel, and files this Motion in Limine seeking an Order precluding Plaintiff's counsel and any and all lay and expert witnesses for the Plaintiff from making any arguments, statements, whether directly or indirectly, or attempting to introduce or elicit evidence in the presence of the jury regarding Plaintiff's alleged need for a future knee resurfacing arthroplasty or knee replacement. This would include precluding any testimony, opinions, or reports regarding the cost of such future treatment. In support of this motion, Defendant submits this brief and shows the Court as follows:

## **INTRODUCTION**

On April 22, 2022, the Plaintiff tripped and fell over a cable at a Lowe's store, injuring her left knee. One of Plaintiff's assertions is that she will require a knee resurfacing arthroplasty or knee replacement in the future. Plaintiff's injury at issue in this case occurred on April 22, 2022. It has been more than three years since that injury, and Plaintiff has not required this

63513946 v1

procedure. Plaintiff relies on her orthopedic expert Dr. Keven Nahigian to support the need for this treatment in the future. However, Dr. Nahigian's expert report, provides only that:

> "I believe it is more likely than not that this patient will require resurfacing arthroplasty at a younger age as a result of this fall and at very least funds could be placed aside for future assistance when this procedure is necessary."

(Exhibit 1). What this report fails to address is whether the fall is the cause of her need to have this procedure at all, or whether due to her pre-existing osteoporosis she would have ultimately needed the procedure even without the fall. Dr. Nahigian's opinion simply states that Plaintiff will, more likely than not, require the procedure <u>sooner</u> rather than later. This means that even without the fall she would have required the procedure and incurred the associated future medical expenses.

Accordingly, Dr. Nahigian's opinion does not establish the need for <u>additional</u> medical expenses that would not have been incurred absent the incident. It simply addresses that such a procedure would be required sooner.

Based on the foregoing, the Plaintiff, Plaintiff's counsel, and any and all lay and expert witnesses for the Plaintiff from making any arguments, statements, whether directly or indirectly, or attempting to introduce or elicit evidence in the presence of the jury regarding Plaintiff's alleged need for a future knee resurfacing arthroplasty or knee replacement. This would include precluding any testimony, opinions, or reports regarding the cost of such future treatment.

                                    Respectfully Submitted,

                                    s/*Andrew G. Melling*
                                  Andrew G. Melling (Fed ID No. 7882)
                                  amelling@burr.com
                                  Burr & Forman LLP
                                  P.O. Box 11390
                                  Columbia, South Carolina 29211
                                  803-799-9800
                                  803-753-3278 (Fax)

*Attorneys for Defendant*

November 7, 2025

Columbia, SC