

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| LISA M. GOLDIN and HAROLD W. GOLDIN,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC, *d/b/a Lowe's Home Improvement*,<br>　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:24-3190-MGL |

---

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

## I.     INTRODUCTION

Plaintiffs Lisa M. Goldin (Goldin) and Harold W. Goldin (collectively, Plaintiffs) brought this civil action against Defendant Lowe's Home Centers, LLC, d/b/a Lowe's Home Improvement (LHC), in the Richland County Court of Common Pleas, alleging state law claims of negligence, gross negligence, and recklessness.  LHC removed the matter to this Court, which has jurisdiction as per 28 U.S.C. § 1332.

Pending before the Court is LHC's motion for summary judgment.  Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

While perusing the outdoor equipment section at the Lowe's Home Improvement in Columbia, South Carolina, Goldin walked between two lawn mowers that were secured together at their bases with a yellow security cable.  The top of Goldin's foot caught the security cable, causing her to trip and suffer injuries to her leg and knee.

Plaintiffs thereafter filed this action in the Richland County Court of Common Pleas, seeking actual and punitive damages.  As the Court noted above, LHC removed the matter and filed this motion.

After LHC filed a motion for summary judgment, Plaintiffs responded, and LHC neglected to reply.  Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.


## III.     STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving parties is to be believed, and all justifiable inferences must be drawn in their favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party has the burden of proving summary judgment is appropriate.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party makes this showing, the opposing parties may not rest upon mere allegations or denials but rather must, by affidavits or other means permitted by Rule 56, set forth specific facts showing there is a genuine issue for trial.  *Id.* at 323; *see also* Fed. R. Civ. P. 56.

Parties asserting a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).  Litigants "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).  Thus, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion."  *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) (citing *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving part[ies], disposition by summary judgment is appropriate."  *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986)).  "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts."  *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (first citing *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); and then citing *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950)).  Accordingly, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251–52.

## IV.     DISCUSSION AND ANALYSIS

LHC argues the Court should grant summary judgment because the security cable was an open and obvious condition of which it lacked any duty to warn Goldin.  Even if the cable caused Goldin's injuries, LHC contends, Plaintiffs are precluded from recovering, as the sole reasonable inference from the record is Goldin's "own negligence . . . cause[d] her injuries."  LHC's Motion at 4.

Plaintiffs "do[] not concede that the cable . . . constitutes an open and obvious condition to an invitee."  Plaintiffs' Response at 3.  But, Plaintiffs also note "an owner is liable for injuries to an invitee, despite an open and obvious defect, if the owner should anticipate that the invitee will nevertheless encounter the condition[] or that the invitee is likely to be distracted."  *Id.*  And, they maintain "it is a reasonable inference from the record before the Court that [LHC] should have anticipated that [Goldin] was likely to be distracted in this area and/or that she would encounter the cable since the same type of accident had occurred six times before she was tripped within the last two years alone."  *Id.* at 5.

"[T]o prove negligence, a plaintiff must show: (1) [the] defendant owes a duty of care to the plaintiff; (2) [the] defendant breached the duty by a negligent act or omission; (3) [the] defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) [the] plaintiff suffered an injury or damages."  *Doe v. Marion*, 645 S.E.2d 245, 250 (S.C. 2007) (citing *Steinke v. S.C. Dep't of Lab., Licensing & Regul.*, 520 S.E.2d 142, 149 (S.C. 1999)).

Generally, a business owner "has a duty to take reasonable action to protect its invitees against the foreseeable risk of physical harm."  *Bass v. Gopal, Inc.*, 716 S.E.2d 910, 913 (S.C. 2011) (emphasis omitted).  The owner "is not an insurer of the safety of [its] customer[s] but owes only the duty of exercising ordinary care to keep the premises in reasonably safe condition."

*Garvin v. Bi-Lo, Inc.*, 541 S.E.2d 831, 832 (S.C. 2001) (citing *Pennington v. Zayre Corp.*, 165 S.E.2d 695 (S.C. 1969)).

As is relevant here, a business owner "is not liable to [its] invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless [it] should anticipate the harm despite such knowledge or obviousness." *Callander v. Charleston Doughnut Corp.*, 406 S.E.2d 361, 362 (S.C. 1991) (emphasis omitted). The owner may, however, "be required to warn the invitee, or take other reasonable steps to protect [her], if the [owner] has reason to expect that the invitee's attention may be distracted, so that [s]he will not discover what is obvious, . . . or fail to protect [her]self against it." *Id.* at 362–63 (internal quotation marks omitted).

Goldin testified the gap between the two lawn mowers was "wide enough that [she] walked through it without hitting either one of them." Goldin's Deposition at 12; *see id.* at 32 (stating she walked straight through the lawn mowers, without having to turn to her side or otherwise "shimmy through"). Goldin explained she considered the distance to have created "a walkway . . . . wide enough that [she] could shop through" and evaluate the price tag on the side of one lawn mower's seat. *Id.* at 30, 36; *see id.* at 32 (clarifying her foot "[d]id not touch any of [the lawnmower] or any part of that piece of equipment"). The security cable "that was stretched between the back of the two lawn mowers[,]" however, "was above the ground and as [Goldin's] foot went under[,] [the cable] caught the top of her foot." *Id.* at 32.

Photographs taken while Goldin was still on the ground show the security cable was placed in a manner that could reasonably be construed as in violation of LHC's practice of positioning the cable "flat on the floor to keep from having trip hazards." Rule 30(b)(6) Deposition of Jennifer Brown for LHC vol. I, 27; *see id.* at 40–42 (testifying the security cable should be secured on the

ground rather than left hanging above it, and conceding the images could imply the cable was "not flat on the ground because it is casting a shadow"); *id.* at 44 (stating "the purpose of having a cable flat on the ground" is "so the customers don't trip over it").

Violations of a defendant's own rules can be considered by the jury as evidence of negligence. *Roddey v. Wal-Mart Stores E., LP*, 784 S.E.2d 670, 675 (S.C. 2016) ("Evidence of a company's deviation from its own internal policies is relevant to show the company deviated from the standard of care, and is properly admitted to show the element of breach." (citing *Peterson v. Nat'l R.R. Passenger Corp.*, 618 S.E.2d 903, 906 (S.C. 2005))). Further, LHC had knowledge of six other incidents in South Carolina during the last two years "where a customer tripped over . . . . the same type of cable[] that [was] used in the instance involving Ms. Goldin[.]" *Id.* at vol. 2, 7–8.

Accordingly, even assuming the danger of the security cable was known or obvious to Goldin, Plaintiffs have presented a genuine issue of material fact as to whether LHC "should [have] anticipate[d] the harm despite such knowledge or obviousness." *Callander*, 406 S.E.2d at 362 (emphasis omitted). The Court is therefore unable say LHC lacked a duty "to warn [Goldin] or take other reasonable steps to protect [her.]" *Id.* at 362–63.

LHC also argues Goldin's own negligence precludes any recovery. However, the South Carolina Supreme Court has explained "[c]omparison of a plaintiff's negligence with that of the defendant is a question of fact for the jury to decide." *Creech v. S.C. Wildlife & Marine Res. Dep't*, 491 S.E.2d 571, 575 (S.C. 1997). The Court will thus refrain from granting summary judgment on the theory of Goldin's contributory negligence.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court

LHC's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Signed this 24th day of March 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE